**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMANDA ELIZABETH GRAY,

    Plaintiff,

vs.                                                      Case No. 3:10-cv-858-J-34JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Magistrate Judge Joel B. Toomey's Report and Recommendation (Doc. No. 28; Report) entered on June 4, 2012. In the Report, Judge Toomey recommends that the Court affirm the Administrative Law Judge's (ALJ) decision[1] (Doc. No. 19-2) that Plaintiff, Amanda Elizabeth Gray (Gray), was not disabled within the meaning of the Social Security Act. In reaching his conclusion, Judge Toomey found that the ALJ's decision was supported by substantial evidence.[2] According to Rule 72(b)(2),

---

[1] The ALJ followed a five-step sequential evaluation process for determining if Gray had proven that she was disabled as required by the Social Security Act. See Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520. Gray was required to show that (1) she was not performing substantial gainful activity; (2) she had a severe impairment; (3) the impairment or combination of impairments met or equaled an impairment listed in the regulations, or (4) she could not return to past work; and (5) she could not perform other work based on her age, education, and experience. See Lawton v. Comm'r of Soc. Sec., 413 F.App'x 830, 832 (11th Cir. 2011)(per curiam)(citing Phillips, 357 F.3d at 1237)(emphasis added).

[2] The standard of review is as follows:
The Court's review is limited to determining "if [the ALJ's decision] is supported by substantial evidence and based on proper legal standards." "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the ALJ's findings, [the Court] must affirm if the decision reached is supported by substantial evidence." In conducting this review, [the Court] may not

(continued...)

Federal Rules of Civil Procedure (Rule(s)), Gray had the opportunity to file timely objections to the Report on or before June 18, 2012, but did not do so.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994) (per curiam); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

After careful consideration of the record, and for the reasons stated in the Magistrate Judge's Report, the Court will accept the legal and factual conclusions recommended in the Report (Doc. No. 28).

Accordingly, it is hereby **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. No. 28) is **ADOPTED** as the opinion of the Court.

---

[2](...continued)
reweigh the evidence or substitute [its] judgment for that of the ALJ. With respect to the ALJ's legal conclusions, however, [the Court's] review is de novo. See Carson v. Comm'r of Soc. Sec., 440 F.App'x 863, 864 (11th Cir. 2011)(per curiam)(citations omitted); see also Report at 3.

2. The Clerk of Court is **DIRECTED** to enter judgment **AFFIRMING** the Commissioner's decision and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of July, 2012.

*(signature)*
**MARCIA MORALES HOWARD**
United States District Judge

i17
Copies to:
Counsel of Record